UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:05-CV-1274-SEB-VSS |
| ) | |
| TERRY R. MERCER a/k/a TERRY MERCER ) | |
| SHARON O. MERCER a/k/a SHARON MERCER ) | |
| and FARM CREDIT SERVICES OF MID- ) | |
| AMERICA, ACA ) | |
| ) | |
| Defendants. ) | |

**IN PERSONAM JUDGMENT AND DECREE OF FORECLOSURE**

Comes now the Plaintiff, by counsel, and it is shown to the satisfaction of the Court that the Defendants, Terry R. Mercer, Sharon O. Mercer, and Farm Credit Services of Mid America, ACA, have been duly served, as more fully appears from the returns of service filed herein;

And it further appearing that the Defendants, Terry R. Mercer and Sharon O. Mercer, filed its answer to Plaintiff's complaint on October 26, 2005.

And it further appearing that more than 20 days have elapsed since service of the complaint, and that the Defendant, Farm Credit Services of Mid America, ACA, have failed to appear, plead or otherwise answer, and that default was entered against the Defendant, Farm Credit Services of Mid America, ACA on October 28, 2005.

And it further appearing that an investigation was made for the purpose of ascertaining if the individuals named as Defendants are in the military service, and that on information received, Plaintiff verily believes that said individuals are not in the military service, and they are neither infants nor incompetent.

The Court having granted Plaintiff's Motion for Summary Judgment further finds:

1. That each and every material allegation of the Plaintiff's complaint is true in substance and in fact, and that the Plaintiff is entitled to the relief therein prayed for;

2. That the individual Defendants are not in the military service of the United States;

3. That there is now due the Plaintiff from the Defendants, Terry R. Mercer and Sharon O. Mercer, (hereinafter "Borrowers"), upon the notes sued on in the Plaintiff's complaint, the principal sum of $263,902.94, plus interest in the amount of $100,068.64, accrued through November 2, 2006, title search in the amount of $850.00, lien search in the amount of $20.00, and real estate taxes in the amount of $4,717.75, with interest thereon at the daily rate of $43.2943; all of such sums to be without relief from valuation and appraisement laws;

4. That said sums are secured by the mortgages, notes, shared appreciation agreement, and security agreements described in the Plaintiff's complaint, and that said mortgages, notes, shared appreciation agreement, and security agreements are first and prior liens upon said real estate to the extent of said sum, and that the Plaintiff is entitled to have its mortgages foreclosed against property described in Plaintiff's complaint.

IT IS, THEREFORE, ADJUDGED AND DECREED by the Court:

1. That the Plaintiff have and recover **in personam** of the Borrowers, Terry R. Mercer and Sharon O. Mercer, the sum of $369,559.33, accrued through November 2, 2006, plus interest thereon at the rate of $43.2943 per day from and after November 3, 2006, up to the date on which this In Personam Judgment and Decree of Foreclosure is entered, plus interest thereafter at the legal rate, according to law, together with the costs of this action and accruing costs, all without relief from valuation and appraisement laws;

    2.    That the equity of redemption of the Borrowers and all persons claiming by, through or under them in and to said mortgaged premises located in Hancock County, Indiana, and Henry County, Indiana, to-wit:

## REAL ESTATE

```
The following property situated in the State of Indiana, County of
Hancock:

Tract 1:

The Northeast Quarter of the Southeast Quarter of Section Thirty-
Three (33), Township Seventeen (17) North, Range Eight (8) East, in
Hancock County, Indiana, described as follows:

Beginning at the Northwest corner of the Northeast Quarter of the
Southeast Quarter Section; thence South on the West line thereof
1,325 feet; thence East on the South line of said quarter quarter
section 1,321 feet to the Southeast corner thereof; thence North on
the East line of the Northeast quarter of the Southeast quarter
section 1,320 feet to the Northeast corner thereof; thence West
1,317.5 feet to the place of beginning, containing 40.05 acres, more
or less.

Tract 2:

The Northwest Quarter of the Southeast Quarter of Section Thirty-
Three (33), Township Seventeen (17) North, Range Eight (8) East,
described as follows:

Beginning at the Northwest corner of the Northwest quarter of the
Southeast quarter section; thence South on the West line thereof
1,330 feet to the Southwest corner thereof; thence East on the South
line thereof 1,321 feet to the Southeast corner of the Northwest
quarter of the Southeast quarter; thence North on the East line
thereof 1,325 feet and to the Northeast corner of the Northwest
quarter of the Southeast quarter; thence West on the North line
thereof 1,317.5 feet to the place of beginning, containing 40.20
acres, more or less.

Commonly known as:   9873 E. 650 N.
                     Wilkinson, IN  46186



The following property situated in the State of Indiana, County of
Henry:

Tract 4:

60 acres off of the east side of the southwest quarter of section
31, township 17 north, range 9 east.
```

```
EXCEPT, Beginning at a point 225.0 feet west of the northeast corner
of said quarter section and running thence south 192.5 feet to a
wood post; thence west 152.8 feet to a wood post; thence north 192.2
feet to the north line of said quarter section; thence east 153.6
feet to the place of beginning, containing 0.68 acres, more or less
and leaving after said exception 59.32 acres, more or less.


Commonly known as:   9873 E. 650 N.
                     Wilkinson, IN  46186
```

### PERSONAL PROPERTY

| Qty. | Kind | Manufacturer | Size/Year/Type |
|---|---|---|---|
| 1 | Tractor | John Deere | #4230, 1976 |
| 1 | Tractor | John Deere | #4020, 1967 |
| 1 | Combine | John Deere | #3300, 1976 |
| 1 | Corn Head | John Deere | #343 |
| 1 | Grain Head | John Deere | 13' |
| 1 | Plow | White | #588, 4 x 20 |
| 1 | Planter | John Deere | #7000, 6 row |
| 1 | Field Cultivator | John Deere | #1100, 14' |
| 1 | Cultipacker | Brillion | 14' |
| 1 | Wagon | Kewanee | 150 Bu. |
| 1 | Auger | Hutchinson | 8" x 62' |
| 1 | Spray Tank | Century | 400 Gal. |
| 1 | Rotary Mower |  | 5' |

be and the same is hereby forever barred and foreclosed, and that said real estate and personal property, and all right, title, interest and claim of the Borrowers and of all persons claiming by, through or under them in and to the same, or so much thereof as may be necessary for the purpose, unless the Marshal is notified by Plaintiff that the sale should not go forward, be sold by the United States Marshal for the Southern District of Indiana or the agency, in a commercially reasonable manner, with assistance by the Marshal, if necessary, in accordance with the laws relating to foreclosure of real estate mortgages, without right of redemption, and without relief from valuation and appraisement laws.  The real estate covered by said real estate mortgages may, at the election of the United States Marshal, be sold as a unit or in separate parcels as provided by 28 U.S.C. §§ 2001-2004.  Further, the United States Marshal is authorized, at his election, to employ the services of a professional auctioneer to assist in the sale of the personal

property subject to this decree of foreclosure.   The Marshal or auctioneer, whichever is appropriate, immediately upon consummating the same, shall issue a Marshal's Deed or Bill of Sale from the auctioneer to the purchaser;

      3.      That the United States of America may submit a sealed written bid to the United States Marshal at any time prior to the Marshal's sale.  The Marshal shall unseal and publicly announce the United States' bid prior to receiving bids from persons present at the Marshal's sale.  The public announcement of the United States' written bid shall have the same effect as if a representative of the United States were present and submitted its bid at the Marshal's sale.  The United States may pay its bid with any part of the judgment that the United States is awarded in this Judgment and Decree of Foreclosure.

      4.      That the proceeds arising from said sale be applied as follows:

      a.      To the payment of all costs and accruing costs herein and including payment for filing and docketing fees to the Clerk of the United States District Court in accordance with 28 U.S.C. §§ 1914 and 1931;

      b.      To the payment of $369,559.33 to Plaintiff, plus interest accruing at the rate of $43.2943 per day from and after November 3, 2006, up to the date on which this Judgment and Decree of Foreclosure is entered.  Post judgment interest shall accrue at the legal rate pursuant to 28 U.S.C.§ 1961(a) and shall be computed daily and compounded annually until paid in full;

      c.      The overplus, if any remaining after the payment of the costs and accruing costs and the foregoing judgment, with all interest thereon, shall be paid to the Clerk of this Court for the benefit of the persons lawfully entitled thereto and authorized to receive same.

      d.      That if the proceeds of the sale are insufficient to satisfy the amount due the Plaintiff of $369,559.33, plus interest as allowed by law, from and after November 3, 2006, that a personal money judgment for the deficiency be entered against the Borrowers, Terry R. Mercer and Sharon O. Mercer, in favor of the United States of America.

      5.      That the Borrowers, Terry R. Mercer and Sharon O. Mercer, if residing on the property, or any other persons residing therein, shall vacate the real estate within five (5) days of the sale.

      6.      That the United States Marshal, may upon consummation of said sale, place

the purchaser of said real estate and personal property in immediate possession thereof.

09/26/2007
Dated

Distribution:

Debra G. Richards, AUSA
Office of the U.S. Attorney
10 West Market, Suite 2100
Indianapolis, IN 46204

Lisa L. Wojihoski
Attorney at Law
4238 Madison Avenue
Indianapolis, IN 46227

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana